Dear Mr. Jones:
By resolution of the board of commissioners of Rapides Parish Waterworks District No. 3, you have submitted questions to this office regarding the legality of the reimbursement of three former commissioners' legal expenses. All three former commissioners incurred these legal expenses in connection with a Louisiana Board of Ethics investigation.
You have provided us with a copy of a letter from the Ethics Board, dated October 16, 2006, which states, in pertinent part:
 Several members [Thurman Kelly, Tommy Hollingsworth, Rich Dupree] incurred legal expenses in defending actions which arose because of the public positions that they held with the waterworks district. They were not found to be in violation or guilty of the allegations against them and wish for the water district to reimburse or pay their legal expenses. (Emphasis added).
Mr. Rich Dupree also submits for reimbursement his legal expenses incurred defending a civil action filed against him in the Pineville City Court. A judgment in Civil Suit 5-0153 of the Pineville City Court was rendered, dismissing with prejudice claims allegedly made against Mr. Rich Dupree in his capacity as board commissioner. The Louisiana Third Circuit Court of Appeal affirmed the judgment of the lower court; the Louisiana Supreme Court denied further review.
R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where "the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state". However, R.S. 13:5108.1 does not provide for the *Page 2 
indemnification of the officers and/or employees of municipalities or other political subdivisions.
Nevertheless, it has been the consistent opinion of this office that if a public official or employee is sued for civil damages and is found not liable and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay the reasonable attorney's fees and expenses that result from the defense against the suit.[1]
In contrast, note this office has determined that a public official acting beyond the course and scope of his duties is not entitled to legal fees for the defense of civil or criminal actions brought against him.[2]
Further, state law does not specifically address the reimbursement of legal fees incurred by state officers or employees in connection with proceedings before the Commission.
In Attorney General Opinion 95-242, this office addressed the issue of whether an individual employed by the Department of Wildlife and Fisheries was entitled to the reimbursement of legal fees incurred in proceedings before the Louisiana Ethics Commission. Therein, we concluded that if a public official or employee is exonerated of all allegations under investigation by the Ethics Commission, then the public entity which employs that individual may reimburse its employee for legal expenses incurred in connection with the investigation.[3] The requirement for exoneration is to avoid violation of the prohibition of the Constitution relative to the donations of public funds. See Article VII Section 14 of the Louisiana Constitution of 1974.[4]
It remains the opinion of this office that public funds can be utilized to pay or reimburse the legal fees of a public official or employee who is or was the target of civil claim, as long as the allegations arose out the performance of, as well as within the course and scope of, the official functions and duties of the public official or employee.
This office is not a finder of fact, and it is beyond the purview of this office to determine whether all investigations/lawsuits filed against the referenced officials were in fact filed against them in their official capacities. However, you have advised that all allegations arose out of the performance of the official functions and duties of the commissioners. As all investigations were dismissed in their favor, the District may reimburse them for the legal expenses incurred. *Page 3 
The District must also determine that (1) the hourly rate charged by legal counsel was reasonable, (2) the number of hours spent by legal counsel was reasonable and necessary, and (3) any costs incurred by legal counsel were reasonable and necessary.
As to the reasonableness of the hourly rate charged by legal counsel, we enclose a copy of the Attorney General's hourly fee schedule, which is offered for guidance only.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] See Attorney General Opinions 02-0005, 01-94, 97-248, 96-398, 96-210, 96-95, and 85-822.
[2] See Attorney General Opinion 89-401.
[3] In accord are Attorney General Opinions 94-369 and 94-369A.
[4] In accord are Attorney General Opinions 99-356; 99-356A; 85-822; 00-126; 01-94; 02-27.
 ATTACHMENT
January 13, 2004
TO: ALL INTERESTED PERSONS
FROM: CHARLES C. FOTI
RE: MAXIMUM HOURLY FEE SCHEDULE
This is to advise all interested persons that the approved MaximumHourly Fee Schedule of this office for professional legal services,effective this date, shall be as follows:
 $175.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF TEN
 YEARS OR MORE IN THE PRACTICE OF LAW
 $150.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF FIVE TO TEN
 YEARS IN THE PRACTICE OF LAW
 $125.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF THREE TO FIVE
 YEARS IN THE PRACTICE OF LAW
 $100.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF LESS THAN THREE
 YEARS IN THE PRACTICE OF LAW
 $ 45.00 PER HOUR FOR PARALEGAL SERVICES
 $ 25.00 PER HOUR FOR LAW CLERK SERVICES